# Hook, Appellant, v. Jones.

*Contract—Collateral security—Stock as collateral.*

In an action of assumpsit it appeared that plaintiff paid to the defendant $8,000 and received from defendant two blocks of stock, one of preferred and one of common stock of a mining company.   At the time of this transaction a written agreement between the parties was executed by which the defendant agreed to pay upon demand, and after the expiration of a certain period, the sum of $8,000 "upon the transfer of said preferred stock," to defendant.   It was also provided that to secure said payment defendant would give his promissory note, and that "the certificate of said preferred stock shall also be attached in the nature of collateral security to the said promissory note," and that upon the payment of the note the said preferred stock shall be returned to defendant.   The agreement made no mention of the common stock.   The defendant in his affidavit of defense averred that the common stock belonged with the preferred stock, and that plaintiff was not entitled to recover unless he returned the common as well as the preferred stock.   *Held*, that the affidavit of defense was sufficient to prevent judgment.

Argued March 28, 1906.   Appeal, No. 94, Jan. T., 1906, by plaintiff, from order of C. P. No. 4, Phila. Co., June T., 1905, No. 4,999, discharging rule for judgment for want of a sufficient affidavit of defense in case of John H. Hook v. Charles F. Jones.   Before MITCHELL, C. J., FELL, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

Plaintiff averred in his statement as follows:

On or about February 29, 1904, the plaintiff and the defendant entered into a certain oral agreement, whereby the plaintiff undertook and agreed to pay the defendant the sum of $8,000 in consideration of receiving from the defendant 8,000 shares of the preferred capital stock of a corporation known as the Red Mountain Railroad, Mining & Smelting Company, 16,000 shares of the common stock of the said company, and a certain agreement in writing and a certain promissory note, whereby the defendant would undertake and agree to repay to the plaintiff the said sum of $8,000 on the terms and conditions more particularly set forth in the said written agreement and in the said note.

In pursuance of the said contract the plaintiff paid the defendant the sum of $8,000 at or about the time of the making of the said contract, and the defendant then and there delivered to the plaintiff 8,000 shares of the said preferred stock and 16,000 shares of the common stock of the Red Mountain Railroad, Mining & Smelting Company, and also an agreement in writing of which the following is a copy:

" This agreement, made this 29th day of February, A. D. 1904, between Charles F. Jones, of Philadelphia, Penna., of the first part, and John A. Hook, of Lancaster, Penna., of the second part;

" Whereas the said party of the first part desires to sell to the said party of the second part 8,000 shares of the eight per cent. preferred capital stock of the Red Mountain Railroad, Mining & Smelting Company;

" Now this agreement witnesseth, that in consideration of the purchase of said stock by the said party of the second part for $8,000, the said Charles F. Jones covenants, agrees and

guarantees to and with the said party of the second part as follows, to-wit:

"1. The said Charles F. Jones will pay or cause to be paid unto the said party of the second part or his assigns, sixty days after demand, the demand not to be made until the expiration of one year from date hereof, the sum of $8,000 upon the transfer of said preferred stock to the said Charles F. Jones or his assigns; provided that the receipt by the said party of the second part or his assigns of any sum or sums of money from any source by reason of his or their ownership of said preferred stock shall be taken as a payment on account of said sum.

"2. The said Charles F. Jones will secure said payment by executing his promissory note for $8,000, payable sixty days after demand, the demand not to be made until one (1) year from the date of this contract, to the order of said John H. Hook, party of the second part, and to attach thereto a certificate of interest for 400 shares of the capital stock of the Mexican Mining & Smelting Company, a corporation under the laws of the state of New York, as collateral security.

"And it is agreed by the parties hereto the certificate for the said preferred stock shall also be attached in the nature of collateral security to the said promissory note, and upon the payment of the said note at or before maturity, or upon the payment to or receipt by the said party of the second part or his assigns of the said sum at or before the time hereinabove mentioned for its payment, from any source whatever by reason of his or their ownership of said preferred stock, the said note together with the said certificates shall be returned to the said Charles F. Jones or his assigns.

"If the said party of the second part shall negotiate the said note, and payment thereof shall not have been demanded from the said Charles F. Jones, the party of the second part agrees to procure a demand to be made thereon in order to mature the note if the said Charles F. Jones shall request him to do so.

"Notwithstanding anything herein contained the said Charles F. Jones shall have the option at any time hereafter before the time above limited for the payment thereof, to pay the above-mentioned sum to the said party of the second part or his as-

sigus, and·when such payment shall be made the said note and the said certificates attached thereto shall be returned to the said Charles F. Jones ; provided that in no event shall the said note and the said certificates be returned to the said Charles F. Jones unless and until the eight per cent. preferred dividend on said preferred stock shall have been paid to the person entitled thereto for the period during which said stock shall have been outstanding.

" Witness our hands and seals the date above written.

" CHAS. F. JONES, [Seal].<br>" JOHN H. HOOK.  [Seal].

" $8,000.                    Phila., Penna., Feb. 29, 1904.

" On or before one year, I promise to pay to the order of John H. Hook ..........................................
Eight thousand and no-100 ........................Dollars, without defalcation for value received by me, and have deposited herewith Four hundred shares of the Mexican Mining & Smelting Company................... as collateral security for the prompt payment at maturity of this and any other liability or liabilities of the undersigned, due or to become due, or that may be hereafter contracted with the holder of this note, which collaterals, either the whole or any part thereof, I hereby authorize and empower the holder of this note, should the same or any other liability of the undersigned as above described, be not paid at maturity, to sell at public or private sale at any time or time thereafter, without further notice, and with the right of becoming the purchaser at such sale or sales, of the whole or any part of said collaterals, freed and discharged of any equity of redemption, and to transfer, assign and deliver the same ; and after deducting all legal and other costs, attorney fees and expenses of collection, sale and delivery, to apply the residue of the proceeds of such sale or sales, to pay any, either or all of said liabilities as said holder shall deem proper, returning the overplus, if any, to me ; and should any deficiency occur, I further promise and agree to pay the holder thereof on demand.

" Payable at West End Trust Company, Philadelphia, Pa.
" Due 2–28–05.                    CHAS. F. JONES."

And the defendant also delivered to the plaintiff a certificate

of interest in 400 shares of the Mexican Mining & Smelting Company, as provided for in the said contract and note.

On or about February 27, 1905, the said plaintiff made a demand upon the said defendant for the payment to him of the amount due on the said note.

Notwithstanding the said demand, the defendant declined to pay the amount due to the plaintiff as aforesaid, unless the plaintiff would surrender and deliver to him the 16,000 shares of the common stock of the Red Mountain Railroad, Mining & Smelting Company, which, in accordance with the terms of the said contract, as the plaintiff is advised by counsel, belonged absolutely to the plaintiff.

The said note and the said preferred stock of the Red Mountain Railroad, Mining & Smelting Company, and the said certificate of interest in the Mexican Mining & Smelting Company, have been since the making of the said contract and are now under the control of the plaintiff, and he always has been, and is now, ready to surrender the same to the defendant upon receiving the amount due to him as aforesaid.

Defendant filed an affidavit of defense in which he averred as follows:

The sale of stock to plaintiff under the agreement of February 29, 1904, was of 8,000 shares of preferred stock of said company and 16,000 shares of common stock of said company, for the sum of $8,000. In consideration of the purchase, defendant guaranteed that if, at the end of a year, plaintiff was not satisfied with his purchase, defendant would repay him the $8,000 on the return to defendant of the stock. This guarantee was secured by the promissory note in suit. The 8,000 shares of preferred stock and 16,000 shares of common stock were delivered to plaintiff, and the $8,000 paid by him, immediately after the execution of said written agreement in February 29, 1904. The common stock was not specifically mentioned in said written agreement, but was included in the expression "preferred stock," because at the time of the execution of the agreement said common stock was represented and agreed as being included in the sale of the preferred stock, and on the strength of that representation and agreement the written agreement simply mentioned the preferred stock.

The 16,000 shares of common stock were not given to plain-

tiff as a bonus or compensation for purchasing the 8,000 shares of preferred stock, but constituted a part of the purchase, and were so delivered.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*James Collins Jones*, for appellant.

*E. Cooper Shapley*, for appellee.

PER CURIAM, May 14, 1906 :

The common stock which is the real subject of controversy here was part of the collateral security for the loan or payment of the $8,000 involved in the original transaction. Prima facie, therefore, it was to be returned on payment. The written contract is entirely silent in regard to it and it first appears in the affidavit of defense where it is averred " to belong with the preferred stock." For purposes of judgment this averment must be taken to be true, and the burden is on plaintiff to prove the contrary.

Judgment affirmed.